# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JOSEPH C. LEHMAN,

    Plaintiff,

    v.

INDIVIDUAL MEMBERS OF THE
INDIANA ELECTORAL COMMISSION,

    Defendants.

Case No.: 3:16-CV-458-JVB-CAN

## OPINION AND ORDER

**A.    Background**

On February 19, 2014, the Indiana Supreme Court suspended Joseph C. Lehman from the practice of law, effective April 3, 2014. *In re Lehman*, No. 20S00-1507-DI-431, 2016 WL 3997601, at *1 (Ind. July 21, 2016).

Lehman, *pro se*, filed a complaint on July 13, 2016, asking this Court to order the Indiana Electoral Commission to place his name on the upcoming general election ballot as the Democratic candidate for Elkhart Circuit Court judge. (Compl., DE 1.) Lehman also asked to proceed *in forma pauperis*. (Pet., DE 2.) One week later, on July 21, 2016, the Indiana Supreme Court disbarred Lehman. *In re Lehman*, 2016 WL 3997601, at *2.

**B.    Law**

District courts may screen complaints, including those filed by *pro se* non-prisoners seeking leave to proceed without pre-payment of fees and costs. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts may screen complaints prior to service on defendants, and

must dismiss complaints that are frivolous or fail to state a claim upon which relief may be granted. *Id.*; 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint should be dismissed for failure to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court must view the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and resolve doubts in his favor. *See Hosp. Bldg. Co. v. Trs. of Rex. Hosp.*, 425 U.S. 738, 740 (1976); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court must construe a *pro se* plaintiff's allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**C.      Discussion**

Lehman wants to be placed on the ballot as the Democratic candidate for Elkhart Circuit Court judge. But, to borrow from General Sherman, if nominated Lehman cannot run, and if elected he cannot serve.

Disbarred by the Indiana Supreme Court, Lehman is ineligible to be the Elkhart Circuit Court judge. Article 7, § 7 of the Indiana Constitution provides that a Circuit judge "shall have been duly admitted to practice law by the Supreme Court of Indiana . . . ."

Since Lehman is disbarred and therefore cannot serve in the position for which he seeks election, his complaint is moot. Indeed, the Indiana Supreme Court had suspended him from the practice of law in Indiana even before he filed this complaint.

Accordingly, Lehman can prove no set of facts in support of his claim that would entitle him to relief.

**D.     Conclusion**

Therefore, the Court DENIES the Petition (DE 2) and DISMISSES the Complaint (DE 1) as moot, with prejudice.

**SO ORDERED** on August 8, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE